**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| JAQUONE LAKEEM COLLINS, | * | |
| Petitioner, | * | |
| v. | * | Case No.: PWG-13-3435 |
| FRANK B. BISHOP, JR., WARDEN, *et al.*, | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

After losses at trial, appeal, collateral review, and appeal of collateral review, Petitioner seeks federal habeas review of his state court conviction. Because the Petition is time-barred, I shall dismiss the Petition and decline to issue a certificate of appealability.

**I.  BACKGROUND**

On October 7, 2008, a jury sitting in the Circuit Court for Dorchester County convicted Petitioner Jaqone Lakeem Collins of attempted second-degree murder, assault in the first and second degrees, first-degree burglary, reckless endangerment, and wearing or carrying a dangerous weapon. *See* Case History Sheet 10, Resp. Ex. 1, ECF No. 3-1. That same day, the court imposed a combined sentence of forty years imprisonment. *Id.* Petitioner's conviction was affirmed by the Court of Special Appeals of Maryland in a reported opinion filed on May 5, 2010, with the mandate issuing on June 4, 2010. *See Collins v. State*, 993 A.2d 1175 (Md. Ct. Spec. App. 2010), Resp. Ex. 2, ECF No. 3-2.[1] Petitioner did not seek further review in the Court

---

[1] Respondents cite this as an unreported opinion, Resp. 3, but the first line of the opinion, which Respondents include as ECF No. 3-2, clearly states "REPORTED," and it has been published in the Atlantic Reporter.

of Appeals of Maryland, and his judgment of conviction became final for direct appeal purposes on Monday, June 21, 2010, when the time for doing so expired. *See* Md. Rule 8-302 (petition for writ of certiorari must be filed no later than fifteen days after issuance of the mandate by the Court of Special Appeals).

On January 11, 2011, 204 days after the conclusion of direct review, Petitioner initiated collateral review of his conviction by filing a petition for post-conviction review in the Circuit Court for Dorchester County. Case History Sheet 12. On December 19, 2011, post-conviction relief was denied. *Id.* at 16; Resp. 4–5. This judgment became final on January 18, 2012, when the time for filing an application for leave to appeal expired. *See* Md. Rule 8-204(b) (application for leave to appeal must be filed within thirty days after entry of judgment or order from which appeal is sought). Petitioner's application for leave to appeal was received by the Court of Special Appeals one day later, on January 19, 2012. Case History Sheet 16. On November 14, 2012, the Court of Special Appeals denied the application as untimely, also noting separately that had it been timely filed, the application would have been summarily denied. *See Collins v. State*, No. 2610 (Md. Ct. Spec. App. Nov. 14, 2012), Resp. Ex. 3, ECF No. 3-3. The mandate issued on December 17, 2012. *Id.* at 3.

On November 12, 2013, 330 days after the issuance of the appellate mandate denying further review of the denial of his state post-conviction petition, Petitioner signed the 28 U.S.C. § 2254 habeas corpus Petition that is now before this Court, attacking his 2008 Maryland judgment of conviction. Pet. 41. On November 15, 2013, the Clerk received the Petition.[2] In response to my order, Respondents filed a limited answer addressing only the timeliness of the

---

[2] The petition is dated November 12, 2013, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States. v. Dorsey*, 988 F. Supp. 917, 919–20 (D. Md. 1998).

Petition, ECF No. 3. Petitioner was advised of his opportunity to file a reply, ECF No. 4, and has done so, ECF No. 5. I find no need for an evidentiary hearing, *see* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2).

## II. DISCUSSION

A one-year statute of limitations applies to habeas petitions pursuant to 28 U.S.C. § 2244(d). The one-year period begins to run on the date the judgment becomes final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1) (A). Here, the period began to run on June 21, 2010. At the time Petitioner tolled the running of the limitations period by filing his post-conviction petition on January 11, 2011, 161 days remained.

Post-conviction relief was denied on December 19, 2011, and the time to seek leave to appeal the denial of post-conviction relief expired on January 18, 2012. Petitioner argues, with supporting evidence, that he submitted his application for leave to appeal to prison officials several days early in order to ensure that it would arrive in a timely fashion. *See* Pet'r's Resp. 4–5; Pet'r's Resp. Exs. 5–7. As noted, the application was received by the Clerk one day late, on January 19, 2012. Petitioner does not deny that he failed to meet the statutory period for seeking federal habeas corpus relief, but contends that the "prison mailbox rule" requires the tolling of the limitations period because he attempted to mail his application for leave to appeal the denial of post-conviction relief in a timely manner. Pet'r's Resp. 3–4; *id.* Exs. 1–7, ECF Nos. 5-1–5-7. Under the "prison mailbox rule," "a petition is deemed filed upon delivery to prison mailroom officials." *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (citing *Houston v. Lack*, 487 U.S. 266, 275 (1988)).

The applicability of the prison mailbox rule to state filings during state collateral review has not been decided by the Fourth Circuit. I need not reach that issue here because even if Petitioner were correct that the statute of limitations was tolled from the filing of his state petition on January 11, 2011 until the Court of Special Appeals issued its mandate on December 17, 2012, his Petition still would be time-barred. At the time Petitioner filed his state petition for post-conviction relief, a total of 204 days had expired, leaving him 161 days in which to file a federal habeas corpus petition. This means even if the prison mailbox rule applied, the statute of limitations for Petitioner's federal habeas petition was May 27, 2013. His filing on November 12, 2013 was more than five months late.

In construing Petitioner's filing liberally, it is possible he seeks equitable tolling rather than a straightforward application of the prison mailbox rule. Equitable tolling of the limitations period is permitted in limited circumstances. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (one-year limitations period subject to equitable tolling); *see also Wall v. Kholi*, 131 S.Ct. 1278, 1283 (U.S. 2011). To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondents contributed to the delay in filing or completing state post-conviction review, or circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris*, 209 F.3d at 328. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse*, 339 F.3d at 246 (quoting *Harris*, 209 F.2d at 330).

Assuming Petitioner's account is true and affording liberal construction, equitable tolling nonetheless is inappropriate. As noted, at the time Collins filed a petition for post-conviction relief, a total of 204 days had expired, leaving him 161 days in which to file a federal habeas

4

petition. Here, however, Petitioner delayed filing with this Court until November 12, 2013, some 330 days later. This does not denote due diligence. Although he argues he was waiting for collateral review counsel to file his state post-conviction petition, that does not explain why he waited 330 days from the Court of Special Appeals' mandate to file his Petition in this Court. Nothing in the record suggests that misconduct or some extraordinary circumstance prevented him from promptly filing a federal habeas petition within 161 days of the issuance of the December 17, 2012 appellate mandate ending state post-conviction review. Although Petitioner mentions that the delay in filing might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

**III. CONCLUSION**

For the reasons explained above, I will dismiss the Petition as time-barred and decline to issue a certificate of appealability because Petitioner has not made a "substantial showing of the denial of a constitutional right."[3]

A separate order follows.

Dated: April 8, 2014 /S/
Paul W. Grimm
United States District Judge

---

[3] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a certificate of appealability in the district court does not preclude Petitioner from requesting a certificate of appealability from the appellate court.